**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-3526
_____

VAN C. SHER; CAROL L. SHER, ON BEHALF
OF THEMSELVES AND THEIR SON, ALS,
                                        Appellants
v.

UPPER MORELAND TOWNSHIP SCHOOL DISTRICT;
ROBERT MILROD; HOWARD COHEN
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 11-cv-01525)
District Judge:  Honorable Robert F. Kelly
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
April 4, 2012
Before:  RENDELL, FUENTES AND WEIS, Circuit Judges

(Opinion filed: May 2, 2012 )

_____

OPINION
_____

PER CURIAM.

Van and Carol Sher, proceeding pro se, appeal from the District Court's order

dismissing their complaint under, inter alia, Section 504 of the Rehabilitation Act of 1973

1

("§ 504"), 29 U.S.C. § 794.[1]  For the reasons that follow, we will vacate the District Court's order and remand the case for further proceedings.

## I.

The Shers are the grandparents and legal guardians of A.L.S., a minor with attention deficit hyperactivity disorder ("ADHD").  A.L.S. entered the Upper Moreland School District ("the District") in the eighth grade, in 2007, and began having behavioral problems.  Although the District evaluated A.L.S. for ADHD in January 2008, he was not properly diagnosed as having ADHD until around September 2009.  At that point, the District instituted a plan under § 504 to accommodate A.L.S.'s disability.  Ultimately, the plan was unsuccessful, and the Shers withdrew A.L.S. from the school district.

The Shers then filed a complaint with the Pennsylvania Department of Education, alleging multiple violations of § 504 and the Individuals with Disabilities Education Improvement Act of 2004 ("the IDEA"), 20 U.S.C. §§ 1401 *et. seq.*  In particular, the Shers alleged that the District failed to provide A.L.S. a Free Appropriate Public Education ("FAPE"), as required by § 504 and the IDEA, and sought compensatory education, reimbursement for educational expenses, such as S.A.T. preparation classes, and compensatory damages for future psychological care.  Following three days of

---

[1]  The Shers' complaint and this appeal were also taken on behalf of their minor grandson, for whom they have parental rights.  Because the Shers are non-lawyers proceeding pro se, however, they are not permitted to represent their grandson's interests in federal court.  See Osei-Afriye v. Med. Coll. of Pa., 937 F.2d 876, 882 (3d Cir. 1991).  Accordingly, this appeal proceeds only as to the grandparents, and any reference to "the Shers" in this opinion is made without regard to the grandson.

2

hearings late in 2010, the Hearing Officer concluded that A.L.S. was ineligible for protection under the IDEA, but that he was protected under § 504. The Hearing Officer further determined that, by failing to diagnose A.L.S.'s ADHD in a reasonable time, the District failed to provide A.L.S. a FAPE for a 45-week period, thereby committing a substantive violation of § 504. However, the Hearing Officer concluded that A.L.S. was not entitled to the remedy of compensatory education because his academic progress during the 45-week period was adequate. In addition, the Hearing Officer held that the Shers were not entitled to any reimbursement because they had not submitted evidence of education-related expenditures.

In early 2011, the Shers filed the instant complaint in the Court of Common Pleas, Montgomery County, alleging violations of § 504, as well as violations of A.L.S.'s rights under the United States Constitution and Pennsylvania law. The Shers sought several different forms of injunctive relief, as well as $5 million in compensatory damages. The District removed the case to the District Court, which granted the District's motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). In particular, the District Court reasoned that, with respect to their claims stemming from the District's failure to provide A.L.S. a FAPE, the Shers had not properly exhausted those claims through the state administrative remedy system, thus barring relief in court. In dismissing the complaint, the District Court also denied the Shers' motion for appointment of counsel to represent

them and A.L.S. The Shers now appeal the District Court's decision.[2]

## II.

The District Court had jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1441(a). We have jurisdiction over the appeal pursuant to 28 U.S.C. § 1291, and we exercise plenary review over the District Court's decision to dismiss the Shers' complaint. See Dique v. N.J. State Police, 603 F.3d 181, 188 (3d Cir. 2010). "In deciding a motion to dismiss, all well-pleaded allegations of the complaint must be taken as true and interpreted in the light most favorable to the plaintiffs, and all inferences must be drawn in favor of them." McTernan v. City of York, 577 F.3d 521, 526 (3d Cir. 2009) (internal citation and quotation marks omitted).

In dismissing the Shers' claims predicated on the District's failure to provide A.L.S. a FAPE, the District Court reasoned that the Shers had failed to exhaust their claims through the state administrative remedy system. We agree with the District Court that, to the extent that the Shers sought relief under § 504 for the failure to provide a FAPE, the requirements of § 504, and any remedies available under that law, were coextensive with the IDEA. See 34 C.F.R. §§ 104.33(b)(1) and 104.36. Under the IDEA, a complainant must pursue relief from local and/or state educational authorities

---

[2] In their brief, the Shers contest the District Court's decision only insofar as it dismissed their § 504 claims against the District. Accordingly, they have waived any other arguments that the District Court erred in dismissing their complaint. See Laborers' Int'l Union of N. Am., AFL-CIO v. Foster Wheeler Energy Corp., 26 F.3d 275, 398 (3d Cir. 1994).

before seeking relief in court. See 20 U.S.C. § 1415(f), (g), and (i)(2). The IDEA allows each state to prescribe whether its administrative hearing system is comprised of one or two tiers. See § 1415(f) and (g). Pennsylvania has a one-tier system: after an impartial due process hearing at the local level, an aggrieved party may seek relief in court. See 22 Pa. Code. § 14.162(o) (2008). In concluding that the Shers failed to exhaust, the District Court improperly relied on the pre-2008 version of § 14.162, which prescribed a two-tier system. As the Shers argue, and as the District concedes, the District Court applied an outdated framework, and the Shers adequately exhausted their FAPE-based § 504 claims through the state administrative remedy system before filing their complaint.

We also question the District Court's dismissal of the Shers' § 504 discrimination claim on the ground that the Shers claimed that they were not appealing the Hearing Officer's determination. A liberal construction of the Shers' pro se filings leads us to conclude that the Shers' seemingly sweeping assertion that they do not seek to challenge the Hearing Officer's determination is limited to their approval of the determination that A.L.S. was denied a FAPE. It defies logic that the Shers would file a complaint alleging discrimination without implicitly challenging the Hearing Officer's determination that A.L.S. was not the victim of discrimination.

Further, in dismissing the § 504 discrimination claim, the District Court appears to have included an alternative holding that the Shers' claim must fail because § 504 does not prohibit a school district from disciplining a disabled child. See generally Honig v. Doe, 484 U.S. 305, 325-26 (1988). Although we agree that § 504 surely does not

5

altogether preclude such discipline, that does not mean that no cause of action will lie for improperly *discriminatory* discipline.  See Thompson v. Bd. of Special Sch. Dist. No. 1, 144 F.3d 574, 580 (8th Cir. 1998).  And it is at least plausible that compensatory damages could be available for such a violation.  See, e.g., Meagley v. City of Little Rock, 639 F.3d 384, 389 (8th Cir. 2011) ("All circuits to decide the question have held that to recover compensatory damages under either the ADA or the Rehabilitation Act, a plaintiff must establish that the agency's discrimination was intentional.").

Finally, we note that because the District Court's denial of the Shers' counsel motion rested on its incorrect reasoning for dismissing their complaint, the District Court will wish, on remand, to revisit the Shers' request for appointment of counsel.  In addition, the District Court should consider:  (1) whether the Shers, as A.L.S.'s guardians, have standing to assert a discrimination claim in their own right under § 504, and (2) what effect, if any, A.L.S.'s apparent withdrawal from the school district has on his right and the Shers' right to pursue relief for a FAPE violation under § 504.  See 20 U.S.C. § 1415(j) (stating that "unless the . . . local educational agency and the parents otherwise agree, the child shall remain in the then-current educational placement of the child . . . until all [] proceedings [under the IDEA and § 504] have been completed"); C.H. v. Cape Henlopen Sch. Dist., 606 F.3d 59, 71-72 (3d Cir. 2010).

Accordingly, we will vacate the District Court's order and remand for further proceedings.

6